# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:17-cv-00237-RFB-PAL |
| Plaintiff, | **ORDER** |
| v. | |
| CLARENCE MOSES WILLIS, *et al.*, | |
| Defendants. | |

## I. INTRODUCTION

Before this Court comes Plaintiff Bank of America, N.A. ("Plaintiff")'s Motion for Summary Judgment (ECF No. 39) and Defendant Clarence Moses Willis' ("Defendant" or "Willis")'s Motion for Summary Judgment (ECF No. 41). For the reasons stated below, Plaintiff's Motion is granted, and Defendant's Motion is denied.

## II. PROCEDURAL BACKGROUND

The Court incorporates the procedural background as stated on the record during the prior hearing on March 5, 2018. The Court adds the following. Plaintiff filed its Complaint against Defendants Willis, Ernest C. Aldridge ("Aldridge"), Geri McKinnon ("McKinnon"), and Creative Solutions 4 U LLC ("Creative Solutions") on January 27, 2017.[1] (ECF No. 1). The Complaint involves real property in Clark County, Nevada ("the Subject Property"), and Plaintiff pleads the following causes of action: (1) declaratory judgment; (2) quiet title; (3) slander of title; and (4)

---

[1] All Defendants except Willis were dismissed from the action prior to the filing of the instant Motions.

injunctive relief. The Court held its prior hearing to address Motions to Dismiss filed by Willis and Aldridge, as well as a Motion for Summary Judgment filed by Aldridge and a Motion to Expunge Lis Pendens filed by Willis. (ECF Nos. 10, 13, 14, 31). The Court denied these motions on the record, and ordered Plaintiff and Defendant to file dispositive motions by March 26, 2018. Plaintiff filed its Motion for Summary Judgment on March 23, 2018. (ECF No. 39). Defendant filed its Motion on March 28, 2018. (ECF No. 41). Plaintiff filed its Response on April 4, 2018. (ECF No. 44). Defendant filed his Response on April 17, 2018 and filed a Supplement the following day. (ECF Nos. 46, 47). Defendant filed his Reply on April 19, 2018. (ECF No. 48). On April 26, 2018, Plaintiff filed its Reply. (ECF No. 49).

### III. LEGAL STANDARD

#### A. Motion for Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (quotation marks omitted).

#### B. Request for Judicial Notice

Federal Rule of Evidence 201(b) states in relevant part that courts may take judicial notice of adjudicative facts that cannot be reasonably disputed because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." These facts include "documents on file in federal or state courts." Harris v. Cnty. of Orange, 682 F.3d 1126,

1132 (9th Cir. 2012). Further, courts are required to take judicial notice of adjudicative facts if a party so requests and supplies the court with the necessary information. Fed. R. Evid. 201(c). However, the Court may nonetheless decline to take judicial notice of documents that are not relevant to the issues before it. <u>Santa Monica Food Not Bombs v. City of Santa Monica</u>, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006).

**IV.  UNDISPUTED FACTS**

The Court takes judicial notice of publicly filed documents and finds the following facts to be undisputed. Federal National Mortgage Association ("Fannie Mae"), the federal government entity, was the owner of the real property at issue in the current action. Fannie Mae was the beneficiary of a deed of trust encumbering the property, and Fannie Mae purchased the property following a valid foreclosure sale pursuant to a deed of trust. The trustee's deed upon sale indicated that the grantee (Fannie Mae) was the beneficiary of the deed of trust and also indicated that the transaction was exempt from real property transfer tax because the property was being transferred to a government entity (Fannie Mae). Since obtaining title to the property, Fannie Mae transferred the property to Plaintiff and not Mr. Aldridge.

In September 2015, Mr. Willis and Mr. Aldridge engaged in a scheme designed to deprive Fannie Mae, and subsequently Plaintiff, of their interest in the property. The first step in the scheme was to create a fictitious entity, which Mr. Willis named "Federal National Mortgage Association." To legitimize this entity, Mr. Willis obtained various state and local licenses under the name "Federal National Mortgage Association," including a Nevada State Business License. On May 11, 2015, Mr. Willis obtained Nevada State Business License No. NV20151296475 to operate as a sole proprietor under the name "Federal National Mortgage Association." At no point did Mr. Willis ever work for Fannie Mae nor was he authorized to do anything by or for Fannie Mae. The second step in their scheme was to record false documents that appeared to convey title of the property from Fannie Mae to Mr. Aldridge. Mr. Willis executed a quitclaim deed as agent for "Federal National Mortgage Association" portending to convey title to Mr. Aldridge. Mr. Aldridge then recorded the quitclaim deed. From that point, Mr. Aldridge would sell the property to a third

party.

On September 8, 2015, Mr. Willis, acting as the authorized agent for the "Grantor," executed a quitclaim deed claiming to convey title to the property to "Pastor Ernest C. Aldridge, a Corporation Sole" for consideration in the amount of $10.00. The quitclaim deed did not identify Fannie Mae as the grantor. Rather, it identified the Grantor as "Federal National Mortgage Association [N.B.L.#NV20151296475]." NV20151296475 is the license number associated with Mr. Willis's Nevada State Business License. On September 8, 2015, Mr. Aldridge recorded the quitclaim deed in the Official Records of Clark County, Nevada as Instrument No. 201509080002086. On the same day, Mr. Aldridge recorded a subsequent quitclaim with the same defects as the original quitclaim that corrected the legal description of the property in the Official Records of Clark County, Nevada as Instrument No. 201509180001335. About a week after recording the quitclaim deed, Mr. Aldridge executed a grant, bargain, sale deed purporting to convey title to the property to Creative Solutions 4 U LLC. Shortly thereafter, the grant, bargain, sale deed was recorded in the Official Records of Clark County, Nevada as Instrument No. 201509180001382.

## V. DISCUSSION

The Court first acknowledges that Defendant's Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment were both untimely filed. The Court provided specific deadlines for filing dispositive motions, responses, and replies, which were stated on the record. The Court finds that this untimely filing alone provides a basis for denial of Defendant's Motion.

However, the Court considers Defendant's status as a pro se litigant, and proceeds to analyzing the merits of the briefings. Plaintiff argues that it is entitled to summary judgment for the following reasons: (1) Plaintiff is the true owner of the Subject Property, and the Court should enter declaratory relief stating the same; and (2) Defendant slandered Plaintiff's title to the property.

### A. Plaintiff's Request for Declaratory Judgment

Nevada Revised Statute ("NRS") § 30.040(1) provides:

Any person interested under a deed, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.[2]

Declaratory relief is warranted where the following elements are met: "(1) a justiciable controversy exists between persons with adverse interests, (2) the party seeking declaratory relief has a legally protectable interest in the controversy, and (3) the issue is ripe for judicial determination." Cty. of Clark, ex rel. Univ. Med. Ctr. v. Upchurch, 961 P.2d 754, 756 (Nev. 1998) (citation omitted). The Court retains the discretion to determine whether a party is entitled declaratory judgment. Id. (citation omitted).

NRS § 40.010 governs Nevada quiet title actions and provides: "An action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." A plea to quiet title does not require any particular elements, but "each party must plead and prove his or her own claim to the property in question" and a "plaintiff's right to relief therefore depends on superiority of title." Chapman v. Deutsche Bank Nat'l Trust Co., 302 P.3d 1103, 1106 (Nev. 2013) (quoting Yokeno v. Mafnas, 973 F.2d 803, 808 (9th Cir. 1992)). To bring a quiet title claim in Nevada, therefore, a plaintiff, at minimum, must assert an interest in the property in question. See, e.g., Besnilian v. Wilkinson, 25 P.3d 187 (Nev. 2001) (holding that plaintiff husband's grantees lacked standing to appeal denial of summary judgment motion in a wife's quiet title action to property to which the husband had alienated his interest).

The Court finds that each of the elements of a request for declaratory relief are met, based upon a claim for quiet title. There is a controversy between the parties that have asserted competing claims to title of an indivisible piece of real property. Plaintiff has established that it has a legally protectable interest in the Subject Property, given its status as transferee of the property's title.

---

[2] Plaintiff does not specify whether its request for declaratory judgment is pursuant to state or federal law. The Court construes the request under Nevada law, as Plaintiff's quiet title claim is asserted under the NRS.

Defendant claims an interest in the Subject Property. The issue is ripe for the Court to determine, as there remains a cloud on the Subject Property's title without judicial resolution.

The Court further finds that Plaintiff has presented undisputed evidence establishing its ownership of the Subject Property. The Court finds that there is no dispute that the Subject Property was transferred from Fannie Mae to Plaintiff via quitclaim deed on October 19, 2016, which was officially recorded with the Clark County Recorder. The Court finds that there is no dispute that Fannie Mae was the owner of the Subject Property at all relevant times prior to the recording of the Quitclaim Deed. The Court additionally finds that at no point was Defendant an authorized agent of Fannie Mae, and never possessed any authority, legal or otherwise, to transfer the Subject Property to the now-dismissed Defendant Aldridge. Defendant's Nevada Business License establishing the Nevada organization "Federal National Mortgage Association" did not and does not provide Defendant the authority to act as an agent on behalf of Fannie Mae. The Court finds that the arguments Defendant makes in his Motion and Response are not relevant to the instant issues and do not raise any disputes as to the facts stated herein.

Therefore, the Court grants Plaintiff's request for declaratory judgment, and declares the following: (1) the quitclaim deeds and grant, bargain, and sale deed purportedly made from Defendant to Aldridge, and from Aldridge to Creative Solutions and McKinnon, are invalid, void *ab initio*, of no force and effect, and shall be expunged from the public records; and (2) title to the Subject Property are quieted in the name of Plaintiff.

### B. Plaintiff's Claim for Slander of Title

"Slander of title involves false and malicious communications that disparage a person's title in land and cause special damages." McKnight Family, L.L.P. v. Adept Mgmt., 310 P.3d 555, 559 (Nev. 2013). To prove malice, the plaintiff must show that defendant knew her statement was false, or that defendant recklessly disregarded its truth or falsity. Rowland v. Lepire, 662 P.2d 1332, 1335 (Nev. 1983) (citations omitted).

Plaintiff provides undisputed facts to show that Defendant conspired with Aldridge to record quitclaim deeds and a grant, bargain, sale deed on the Subject Property, even when the Subject Property was under Fannie Mae's ownership. The Court finds that there is no dispute that

these deeds falsely depict Defendant as the owner or agent authorized to dispose of or convey the property. Defendant does not introduce any evidence to dispute his knowledge that he did not own the land and did not have the authority to transfer the land to Aldridge or to any other party. Further, the undisputed facts show that Defendant knew that his Nevada entity, "Federal National Mortgage Association," was not authorized to act on behalf of Fannie Mae; Defendant attaches to his Motion for Summary Judgment a letter from the State of Nevada Office of the Attorney General, which stated in part that "[a]lthough the license is current . . . the issuance of the license does not confer a right to use the name 'Federal National Mortgage Association,' nor does it suggest anything about the nature or legitimacy of the business. . . . A state business license indicates that a business has paid the applicable business license fee. . . . Beyond this, it has no legal significance."

Additionally, Plaintiff contends that it suffered special damages in the form of an inability to sell the property as well as costs incurred in clearing the clouds on the property's title. Defendant offers no evidence disputing these arguments. Because the undisputed evidence demonstrates that Defendant knowingly made false statements regarding the Subject Property that disparaged the title and caused Plaintiff to suffer special damages, the Court finds that summary judgment is warranted in Plaintiff's favor on its slander of title claim.

## VI. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 39) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 41) is DENIED.

**IT IS FURTHER ORDERED** that the Stipulation between Plaintiff and now-dismissed Defendants McKinnon and Creative Solutions (ECF No. 34) is GRANTED.

**IT IS FURTHER ORDERED** that the Clark County Recorder is ORDERED to expunge all of the quitclaim deed, grant deed and related documents filed by Defendant Willis and/or

Defendant Aldridge regarding real property located at 5320 Holmby Avenue, Las Vegas, Nevada 89146, APN 163-001-511-026. These documents are declared void *ab initio*.

**IT IS FURTHER ORDERED** that Defendant is enjoined from causing or accepting any further conveyances of the property, or causing or accepting any further filings, recordings, or encumbrances encumbering the property or clouding the title of the property.

**IT IS FURTHER ORDERED** that Plaintiff is awarded fees and costs. Plaintiff shall submit a proposed order for such fees and costs to be approved by the Court within 30 days of the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly and close this case.

DATED: September 6, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**